UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 16-CV-4402 (JFB)
_____

VALERIE M. QUINLAN,

Plaintiff,

VERSUS

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____

**MEMORANDUM AND ORDER**
September 27, 2018
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Valerie M. Quinlan commenced this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act to challenge the final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability benefits. Presently before the Court is the Commissioner's unopposed motion to remand the matter for further administrative proceedings. (ECF No. 16.) For the reasons that follow, the motion is granted.

I. BACKGROUND

On April 16, 2013, plaintiff protectively filed applications for disability insurance benefits and Social Security Income benefits, alleging that she had been disabled due to rheumatoid arthritis and diverticulitis since March 7, 2013. (AR 130-39.) The applications were denied (AR 65-78), and plaintiff requested a hearing before an Administrative Law Judge, (AR 79-83.) On August 11, 2014 ALJ April Wexler held a hearing. (AR 29-56.) ALJ Wexler issued a decision denying plaintiff's claims on September 3, 2014. (AR 15-28.)

After ALJ Wexler issued her decision, plaintiff submitted additional evidence to the Appeals Council. Specifically, plaintiff submitted an "arthritis medical source statement," dated October 15, 2014, from Dr. Hong Xu, plaintiff's rheumatologist (AR 326-31) and treatment records from her primary care physician, Dr. Howard Hertz (AR 303-25). On June 22, 2016, the Appeals Council denied plaintiff's request for review (AR 1-4), and ALJ Wexler's

September 3, 2014 decision became the final decision of the Commissioner.

Plaintiff filed the complaint in this action on July 27, 2016. (ECF No. 1.) By Amended Order[1] dated May 24, 2017, the Court ordered the Commissioner to obtain the administrative record and file it with the Court, and established a briefing schedule for motions for judgment on the pleadings. (ECF No. 6.) The Commissioner filed the administrative record with the Court on August 23, 2017. (ECF No. 11.)

By letter dated October 25, 2017, the Commissioner informed the Court that the Social Security Administration had authorized counsel for the Commissioner to offer plaintiff a voluntary remand of the case. (ECF No. 12.) The letter further stated that a proposed stipulation had been sent to plaintiff on October 5, 2017; that plaintiff had received the stipulation; and that plaintiff had communicated to counsel for the Commissioner that she would sign and return the stipulation. (*Id.*) The letter also stated that counsel for the Commissioner had attempted to reach plaintiff by telephone on October 24, 2017, was informed plaintiff was not at home, and was told that a message would be provided to plaintiff to return counsel's call. (*Id.*) As of the date of the letter, counsel for the Commissioner had not received the signed stipulation from plaintiff, or a return phone call. (*Id.*) The Commissioner's letter requested that the Commissioner be given until November 7, 2017 to submit the executed stipulation of remand or, if plaintiff did not agree to the remand, a briefing schedule. (*Id.*) The Court granted the Commissioner's request by Order dated October 25, 2017. (ECF No. 13.)

By letter dated November 2, 2017, counsel for the Commissioner informed the Court that she had spoken with plaintiff, "who stated that she had decided not to sign the stipulation and proposed order of remand and that she prefer[red] to proceed with the case in court." (ECF No. 14.) That letter proposed a briefing schedule for a motion to remand, to which plaintiff consented. (*Id.*)

In accordance with that briefing schedule, the Commissioner filed a motion to remand on December 22, 2017. (ECF No. 16.) The Commissioner served the motion on plaintiff by mailing copies to plaintiff on the same day. (ECF No. 16-1.) To date, plaintiff has not opposed the Commissioner's motion to remand.

II. STANDARD OF REVIEW

A district court may set aside a determination by an ALJ "only if it is based upon legal error or if the factual findings are not supported by substantial evidence in the record as a whole." *Greek v. Colvin*, 802 F.3d 370, 374-375 (2d Cir. 2015) (citing *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); 42 U.S.C. § 405(g)). The Supreme Court has defined "substantial evidence" in Social Security cases to mean "more than a mere scintilla" and that which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Furthermore, "it is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). If the court finds that there is substantial evidence to support the

---

[1] The Court issued an Order on August 16, 2016 ordering the Commissioner to obtain the administrative record and file it with the Court, and setting a briefing schedule for motions for judgment on the pleadings. (ECF No. 5.) However, because that order did not instruct the Clerk of the Court to forward copies of the summons and complaint to the United States Marshals Service for service on the Commissioner, service was not effected. Accordingly, the Court issued the Amended Order.

Commissioner's determination, the decision must be upheld, "even if [the court] might justifiably have reached a different result upon a *de novo* review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (citation omitted); *see also Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998) ("Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner.").

### III. DISCUSSION

The Commissioner moves the Court to remand this action for further proceedings in light of the additional evidence that plaintiff submitted to the Appeals Council. The Commissioner contends that remand is warranted because ALJ Wexler did not properly develop the record, and her decision does not permit meaningful judicial review of the residual functional capacity finding. Plaintiff has not submitted an opposition to the Commissioner's request. For the reasons set forth below, the Court agrees with the Commissioner that remand for additional factual findings is warranted.

A. Applicable Law

The Commissioner moves to have this action remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g). That statute provides, in relevant part, that:

> [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).

Under this provision, a court may "remand the matter to the agency in order to allow gaps in the evidentiary record to be filled, or for discerned errors to be addressed." *Baggett v. Astrue*, No. 5:11-CV-0195 NAM/DEP, 2012 WL 2814369, at *14 (N.D.N.Y. June 13, 2012) (citing *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996)), *adopted by*, No. 5:11-CV-0195, 2012 WL 2814329 (N.D.N.Y. July 10, 2012). On the other hand, "when there is no reason to believe that remand would serve any useful purpose the court may, in its discretion, deem it appropriate to remand solely for a calculation of benefits." *Id.* (citing *Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir. 1998)). However, the Second Circuit has emphasized that "reversal for calculation of benefits is appropriate only when there is 'no apparent basis to conclude that a more complete record might support the Commissioner's decision . . . .'" *De Mota v. Berryhill*, No. 15 CIV. 6855 (PED), 2017 WL 1134771, at *9 (S.D.N.Y. Mar. 24, 2017) (quoting *Rosa*, 168 F.3d at 83) (citing *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980) (remand for calculation of benefits only appropriate where record contains "persuasive proof of disability" and remand for further evidentiary proceedings would serve no purpose)).

B. Analysis

Here, the Commissioner asserts that remand for additional proceedings is warranted under 42 U.S.C. § 405(g) to enable consideration of medical opinion evidence that was not before ALJ Wexler and to further develop the factual record. More specifically, the Commissioner acknowledges that the "arthritis medical source statement" from Dr. Xu contains evidence that contradicts (but does not necessarily foreclose) ALJ Wexler's findings. With respect to the treatment records from Dr. Hertz, the Commissioner states that remand is warranted to give ALJ

Wexler an opportunity to consider those records and to request any additional records. The Court agrees that remand is warranted under these circumstances.

It bears mentioning that ALJ Wexler's decision expressly stated that the "medical evidence in th[e] case [wa]s exceptionally limited." (AR 23.) As the Commissioner concedes, the record before ALJ Wexler did not contain a single medical opinion from one of plaintiff's treating physicians. The "arthritis medical source statement" from Dr. Xu provided to the Appeals Council is currently the only medical opinion in the record. Accordingly, remand is warranted for ALJ Wexler to consider that opinion, which contains evidence contradicting her previous findings, and to determine how much weight to give to it. *See, e.g., Lesterhuis v. Colvin*, 805 F.3d 83, 88 (2d Cir. 2015) ("On remand, the ALJ might conclude that Dr. Holder's opinion is not entitled to any weight, much less controlling weight, but that determination should be made by the agency in the first instance, and we should refrain from 'affirm[ing] an administrative action on grounds different from those considered by the agency.'" (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008))); *Hooper v. Colvin*, 199 F. Supp. 3d 796, 815 (S.D.N.Y. 2016) (collecting cases where courts "remanded where the medical record available to the ALJ is not 'robust' enough to obviate the need for a treating physician's opinion").

The record before ALJ Wexler also did not contain any treatment notes from Dr. Hertz, plaintiff's primary care physician. Plaintiff submitted some treatment records from Dr. Hertz to the Appeals Council, but those records appear to be incomplete. Accordingly, remand is also warranted so that ALJ Wexler may consider the records submitted to the Appeals Council and also request any additional records from Dr. Hertz. *See Arshad v. Astrue*, No. 07 CIV 6336 (JSR) (KNF), 2009 WL 996055, at *3 (S.D.N.Y. Apr. 6, 2009) ("Remand under sentence four of § 405(g) is appropriate when further development of the factual record is necessary.").

In short, for the reasons above and those set forth in the Commissioner's motion, the Court agrees that remand for further proceedings is warranted.[2]

IV. CONCLUSION

For the reasons set forth above, the Commissioner's motion to remand is granted.

SO ORDERED.



JOSEPH F. BIANCO
United States District Judge

Dated: September 27, 2018
Central Islip, New York

\*\*\*

Plaintiff proceeds *pro se*.

The Commissioner is represented by Assistant United States Attorney Dara A. Olds, 271 Cadman Plaza East, Brooklyn, NY 11201.

---

[2] Even in the absence of an opposition or cross-motion by plaintiff, the Court has considered whether the medical evidence is so persuasive as to render further administrative proceedings on plaintiff's disability pointless (which would warrant remand for only a calculation of benefits). The Court concludes that the evidence does not necessarily foreclose the ALJ's findings; rather, the Court concludes that the ALJ's determination was based on an incomplete record and, thus, does not permit meaningful judicial review of the residual functional capacity finding. Accordingly, remand is warranted for further development of the record.